## TRUMBULL *against* ISHAM.

Where a deed of land from *A* to *B*, after describing certain premises granted, contained the following clause: "Also, the privilege of passing and repassing, on *A*'s land, lying between the button-wood tree and *A*'s store, to the horse barn, from the highway; and the same is to be kept open, at all times, for a pass-way, for the benefit of *B* and *A*;" and it appeared, that *A*, at this time, owned other land adjoining the premises conveyed; that *A*'s store was on such other land of his; that the horse barn was wholly on the land conveyed to *B*; and that the only way then used in passing from the highway to the horse barn, was across lands lying between the button-wood tree and *A*'s store; it was held, that said clause was not a reservation, by the grantor, of a right of way over the land thereby conveyed, but was the grant of a right of way over the adjoining land of the grantor, for the benefit of the grantee, and also of the grantor, in passing to and from their respective premises.

THIS was an action of trespass *quare clausum fregit*; to which the defendant pleaded a special justification. The

replication traversed a part of the allegations in the plea ; on
which issue was joined.   On this issue  the cause was tried at
*Norwich, March* term 1841, before *Waite* J. ;  when the plaintiff obtained a verdict, and the defendant moved for a new trial.   The questions of law in the case sufficiently appear from the motion for a new trial.

The plaintiff claimed title to the *locus in quo,* by virtue of a deed from the defendant, then *John Isham* jun., to *Abraham Shepard,* dated *October* 5th, 1809.   The terms of that deed, so far as they are here the subject of controversy, are the following :  " Do give, grant, bargain, sell and confirm unto the said *Abraham Shepard,* a certain tract of land lying in said *Colchester,* containing between two and three acres, (be the same more or less) bounded and described as follows, *viz.* beginning at the *West-end* bounds of the road lately laid out leading from *Colchester* to *Lebanon ;* thence *Easterly,* by said road, till it strikes the *West* line of a piece of land that *Joseph Isham* Esq. now owns ; thence running a *Northerly* course, by said *Joseph Isham's* land, about twelve rods, to said *Joseph Isham's North-west* corner bounds ; thence *South-westerly,* by *John Isham* jun's. land, to a stake and stones, about two and a half rods *West* of the horse-barn, so called, and about one foot *South* of the *South-west* corner of said *John Isham* jun's. barn-yard ; thence *Southwesterly* to a button-wood-tree, standing in the *North-west* corner of the door-yard ; thence *West* to the highway ; thence *South-easterly,* by the same street, to the first-mentioned bounds ; with all the buildings thereon standing : Also, the privilege of passing and repassing on said *John Isham* jun's. land lying between said button-wood tree and said *John Isham* jun's. store, to said horse-barn, from the highway ; and the same is to be kept open, at all times, for a pass-way for the benefit of said *Shepard* and *John Isham* jun."   The deed contained the usual covenants.

At the time when this deed was executed, the defendant was the owner of other lands situated *Northerly* and *North-westerly* of the premises.   The "horse-barn" referred to in the deed, was situated wholly upon the land conveyed to *Shepard* ; and the "store" was situated upon the defendant's other land, about forty feet *Northerly* of the button-wood

tree." The only way at that time used in passing from the highway *Easterly* to the horse-barn, was across the lands lying between the tree and store.

The defendant claimed, that by virtue of said deed, he had a right of way across the lands thereby conveyed to *Shepard ;* and that the legal construction of the deed was, that a pass-way was to be kept open across the lands so conveyed ; and prayed the court so to instruct the jury. This instruction the court refused to give, but, on the contrary, told them, that by said deed, no right of way was reserved to the grantor over the land thereby conveyed.

*Foster*, in support of the motion, contended, that the intention of the parties apparent from the terms of the deed, was, that this pass-way, which was partly on the land conveyed, and partly on the unsold land of the grantor, should be kept open and used as before, " for the benefit of said *Shepard* and *John Isham* jun." Such a construction must be given to the deed as that the defendant will receive *some benefit* from the land conveyed. Surely, the grantor did not mean merely to stipulate for a pass-way for himself, over his *own land.*

*Strong*, contra, insisted, that by the express terms of the deed, the privilege in question was to exist *on the defendant's land* not granted ; and the pass-way to be kept open, was one leading from the highway to the horse-barn, between the button-wood tree and the defendant's store. A reservation is to be taken most strongly against the grantor ; especially, in a deed containing covenants of seisin and quiet possession.

STORRS, J. The defence, in this case, rests on the claim that the deed in question contains a reservation, by the grantor, of a right of way over the land thereby conveyed, and on which the trespass is alleged to have been committed ; and that, by virtue of such reservation, the defendant, in the exercise of that right, was justified in doing the acts complained of. The plaintiff denies, that there is any reservation in the deed, but claims, that it is to be construed as a conveyance of the land, and also of a right of way to the same, over the adjoining land of the grantor. The deed is ex-

pressed somewhat informally; but the intention of the parties is perfectly clear. The way mentioned, or, as it is termed, "the privilege of passing and repassing," is over land not conveyed by the deed, but the land adjoining it owned by the grantor, and is to be for the benefit of the grantee, as well as of the grantor, in order to pass to and from their respective premises. There is nothing in the deed, which shews, that the grantor intended to retain any right in that which he had before conveyed. The words used are not apt for that purpose. The language throughout is that of grant, and not of reservation. It, in terms, grants the land intended to be conveyed, describing it by metes and bounds, and "also the privilege of passing and repassing on the said *John Isham* jun's. [the grantor's] land, lying between said button-wood tree (which appears by the deed to be the *North-west* corner of the land conveyed,) and said *John Isham* jun's. store, to the horse-barn, [previously mentioned as being on the premises conveyed,] from the highway;" and adds, that "the same," which unquestionably means the land on which said privilege was to exist, "is to be kept open, at all times, for a pass-way for the benefit of said grantee and grantor." The horse-barn, the privilege of passing to and from which is granted, being on the land conveyed, the grantor could have no interest in passing to or from it, while to the grantee such privilege might be indispensable. This construction gives a sensible and rational meaning to the deed, and effectuates the objects which the parties manifestly had in view; while that contended for by the defendant, would give it an operation injurious to the grantee, and of no benefit to the grantor. If any doubt could exist as to the meaning of the deed, the construction should be most strong against the grantor; but it is too clear to require aid from the rules of construction which apply to doubtful instruments.

The defendant claims, that the expression, that the pass-way is to be for the benefit of the grantor as well as the grantee, implies, that a reservation in favour of the former was intended on the premises conveyed. This expression was, undoubtedly, introduced to evince, that the privilege was to be common between the parties, and to repel the idea that the

*New-London,*
*July, 1841.*

Trumbull
*v.*
Isham.

grantee was to have any priority of right over the grantor, in the use of the way.

A new trial, therefore, should not be granted.

In this opinion the other Judges concurred.

New trial not to be granted.